Dear Mr. Pratt:
Reference is made to your request for an opinion of this office on behalf of the Sabine River Authority (the SRA).[1]
Specifically, you have asked that this office address the following question:
 "Is the forgiveness of debt by the State of Louisiana to `SRA' on General Obligation Bonds (that have been paid in full by the State) for the construction of the Sabine River Diversion Canal a Legislative or an Administrative matter and what is the correct procedure to have the debt forgiven?"
Enclosed with your request was a document entitled "Sabine River Diversion Canal", which provides background information with respect to your request. A copy of that document is attached hereto for convenience and reference.
Also enclosed with your request were two contracts by and between the Department of Public Works and the State Bond Commission. One of those contracts, specifically the one dated September 4, 1975 (the "Reimbursement Contract"), remains in force and effect and requires that certain funds generated by the Sabine River Diversion Canal project be paid into the State Treasury "until the State and the Commission respectively shall have been fully reimbursed for payments of debt service" in connection with the $10,000,000 general obligation bonds issued by the State of Louisiana in 1975 for the Sabine River Diversion Canal project (the "Bonds").
As noted in the "Sabine River Diversion Canal" document, both the Sabine River Diversion Canal project and the obligations of the Department of Public Works under the Reimbursement Contract were transferred to the SRA in 1986.
It is our understanding that the Bonds are no longer outstanding, having been paid or defeased by the State. However, the amount of $8.7 million is still due to the State by the SRA in accordance with the terms of the Reimbursement Contract.
Implicitly, your request requires this office to determine whether or not a legislative enactment authorizing the relief sought by the SRA is required, or whether the SRA's obligations under the Reimbursement Contract can be unilaterally relieved by the Executive Branch, through the State Bond Commission, the State Treasurer or the Governor, etc. simply by an amendment or cancellation of the Reimbursement Contract.
Please be advised that this office has examined the Reimbursement Contract and Act No. 370 of 1975 Regular Legislative Session ("Act 370") which provided for the issuance of the Bonds. The requirement for the Reimbursement Contract is also set forth in Act 370. Pertinently, Section 6.E thereof provides:
 "Prior to the issuance of any bonds hereunder an agreement shall be executed between the director of public works and the State Bond Commission requiring the payment into the state treasury of all surplus funds derived by the state department of public works from the operation of the project herein authorized."
Act 370 makes no provision for cancellation or discontinuance of the SRA's obligation for payments to the State Treasury, and we are unaware of any other provision of law which provides a mechanism for such relief. Furthermore, as previously noted (and in accordance with the apparent intent of the legislature), the Reimbursement Contract only contemplates termination after the SRA's reimbursement obligation has been completely fulfilled.
Based upon the foregoing, it is the opinion of this office that a legislative enactment is required if the SRA is to be relieved of its obligation to make payments as required by Act 370.
We note your advice that the SRA would like to utilize funds which would otherwise be directed to payments under the Reimburse Contract for certain capital improvements. It is our suggestion that if the SRA seeks relief of its obligations under the Reimbursement Contract, it should also seek legislative guidance with respect to use and expenditure of any funds that will be freed up thereby.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to the Sabine River Authority in other areas of the law.
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY: ________________________________
JEANNE-MARIE ZERINGUE BARHAM
CCF, jr./JMZB/dam
[1] "The SRA was established in accordance with LSA-R.S.38:2321, et seq., and its establishment was ratified and confirmed by La. Const. (1921) Art. XIV, Sec. 45, made statutory by La. Const. Art (1974) Art. XIV, Sec. 16(A). In accordance with LSA-R.S. 38:2324 and La. Const. (1921) Art. XIV, Sec. 45, the SRA is a state agency; it was placed within the Department of Transportation and Development pursuant to LSA-R.S. 36:509(O). Attorney General's Opinion No. 96-646.